DAVID B. BARLOW, United States Attorney (#13117)
ADAM S. ELGGREN, Assistant United States Attorney (#11064)
MICHAEL KENNEDY, Assistant United States Attorney (# 8759)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED
U.S. DISTRICT COURT

2012 DEC 5 1 ⊃ 3: 41

SEALED DISTRICT OF UTAH

BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **I N D I C T M E N T** |
| Plaintiff, | VIOLS. 18 U.S.C. § 1349: CONSPIRACY TO COMMIT WIRE FRAUD (Count 1); |
| vs. | |
| **ZIA ATTA** (Counts 1-2, 7-12), | 18 U.S.C. § 1343: WIRE FRAUD (Counts 2-6); |
| **AWEAS AKBAR AL-QUADRI** (Counts 1, 12-13, 24-26, 28), | |
| **NASEER HAMAD DURANI** (Counts 1, 12-22), | 7 U.S.C. § 2024(c): SUPPLEMENTAL NUTRITION ASSISTANCE BENEFITS PROGRAM FRAUD (Counts 7-11); |
| **FARAD SAID FARANI** (Counts 1, 5-13, 23-28), | |
| **MARIANA NAVARRO FARANI** (Counts 1, 7-13, 23-28), | 18 U.S.C. § 1029(a)(5): ACCESS DEVICE FRAUD (Count 12); |
| **SERAJ GHASEM POUR BABAKANDI** (Counts 1, 3-4, 7-12), | 18 U.S.C. § 1956(h): CONSPIRACY TO COMMIT MONEY LAUNDERING (Count 13); |
| **SHERSHAH LODIN** (Counts 1, 12-13), and | |
| **WESTSIDE VALLEY MARKET, INC.** (Counts 1, 7-28), | 18 U.S.C. § 1957: MONEY LAUNDERING (Counts 14-28); |
| Defendants. | |
| | 18 U.S.C. § 2: AIDING AND ABETTING (Counts 2-12, 14-28). |

Case: 1:12-cr-00088
Assigned To : Shelby, Robert J.
Assign. Date : 12/05/2012
Description: USA v.

The Grand Jury Charges:

## INTRODUCTION

At all times relevant to this Indictment:

A. *General Background.*

1. The United States Department of Agriculture (USDA) Food and Nutrition Service (FNS) operates a program known as the Supplemental Nutrition Assistance Program (SNAP). The purpose of the program is to provide assistance to low income individuals and families to purchase food products for human consumption.

2. FNS delegates authority to individual states to determine eligibility and to certify individual SNAP recipients who qualify for the program. In the State of Utah, all SNAP benefits to recipients are channeled through the Utah State Department of Workforce Services (DWS). Persons in need who wish to obtain SNAP benefits must apply at a DWS office. Approved applicants are given a SNAP Electronic Benefits Transaction card ("EBT card," also called a Utah Horizon Card), similar to a bank debit card, linked to a SNAP account. EBT cards have a magnetic strip containing electronically encoded information regarding the particular recipient and the dollar amount of benefits to which he or she is entitled. The benefits for a particular eligible recipient's account are electronically encoded to the account on a monthly basis, to enable SNAP beneficiaries to purchase eligible food items. The cost of the purchased groceries is automatically deducted from the beneficiary's SNAP account at the time of sale.

2

Generally, only non-prepared food items for human consumption may be purchased using SNAP EBT cards.

    3. SNAP benefits recipients may exchange SNAP card benefits only for eligible food items, and only at stores authorized by the USDA-FNS. Authorized stores are prohibited from accepting SNAP benefits in exchange for items such as alcoholic beverages, tobacco, prepared hot foods, vitamins or medicines, pet foods, other non-food items such as cell phones, cell phone minutes/ring tones, or household goods. SNAP benefits may not be redeemed for cash.

    4. When a recipient presents a SNAP EBT card to the retailer to pay for eligible food items, the retailer (using an electronic point-of-sale terminal) withdraws, or debits, the recipient's available SNAP benefits. Redemption of SNAP benefits at the point of sale is done in a manner similar to a credit or debit card transaction, either by manually entering the account information or by swiping the EBT card through the Point of Sale (POS) device. The SNAP benefits recipient then enters a personal identification number (PIN) in the POS device's external PIN pad to complete the transaction. The POS device automatically calls one of the three toll-free telephone numbers stored within the device, allowing the POS device to connect by telephone line to the JP Morgan Chase computer system located in Virginia. Through this contact, the EBT card transaction is either approved or rejected by making several checks against the account and transaction (correct card number, active account, correct PIN, sufficient balance, and authorized retail

3

number), and the result is then communicated back to the POS device.

5. When the transaction is approved, the value of the transaction is deducted from the SNAP recipient's SNAP account. The grocery retailer receives credit for the transaction's value. EBT transactions for a single day are typically bundled into one or more reimbursement payments via electronic funds transfer to a bank account designated by the authorized retailer, normally within 24 to 48 hours after the SNAP transaction.

6. To become eligible to redeem SNAP benefits, retailers in Utah are required to complete, sign and submit a SNAP Application for Stores, Form FNS 252, to the Salt Lake City Field Office of the USDA. Stores approved by the USDA-FNS to participate in the SNAP are issued a SNAP authorization number, and are provided with a POS device or a swipe device, which debits the recipient's account for the cash value of the eligible items purchased. The retailers are then reimbursed, normally within two days, for the redemptions via an electronic transfer directly into an authorized bank account designated by the retailer. At the time a retailer is authorized to participate in the SNAP, the retailer is informed that it may accept SNAP benefits only from authorized SNAP recipients and only in exchange for eligible food items. The owner/operators of stores participating as SNAP retailers are required to agree on the FNS Application to Participate that he or she understands that acceptance of SNAP benefits for cash (trafficking) is a violation of the SNAP.

7. WESTSIDE VALLEY MARKET, located at 873 West 24th Street, Ogden,

4

Utah, was authorized to accept SNAP/EBT benefits on February 6, 2008, under the

application of SHERSHAH LODIN.  On the Application to Participate as a SNAP/EBT

retailer, LODIN reported estimated annual food sales (i.e. sales of those food items that

are eligible for purchase with SNAP benefits) of $124,100.  On June 23, 2008, an updated

Application to Participate as a SNAP/EBT retailer was submitted by LODIN, adding

NASEER DURANI as owner, and revising the reported annual sales figure to $34,500.

In January 2011, FNS re-authorized WESTSIDE VALLEY MARKET as a SNAP/EBT

retailer, with a new owner, MARIANA NAVARRO FARANI.  FARANI reported

estimated annual food sales of $613,000.   WESTSIDE VALLEY MARKET redeemed

approximately $2,632,133.47 in USDA SNAP benefits during the period January 2010

through October 2012.  The merchandise available for purchase at WESTSIDE VALLEY

MARKET is that of a small market or convenience store, consisting mostly of small food

and convenience items such as (but not limited to); cigarettes, soft drinks, chips, candy,

cookies, canned soups and pastas, prepared sandwiches and burritos, and miscellaneous

snack items.

## COUNT 1
(18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud)

1. The Grand Jury realleges the allegations of the Introduction portion of this

Indictment as though fully set forth herein.

2. Beginning on or about an unknown date, but not later than about January, 2010,

and continuing until on or about October, 2012, in the Northern Division of the District of

5

Utah,

ZIA ATTA,
AWEAS AKBAR AL-QUADRI,
NASEER HAMAD DURANI,
FARAD SAID FARANI,
MARIANA NAVARRO FARANI
SERAJ GHASEM POUR BABAKANDI,
SHERSHAH LODIN, and
WESTSIDE VALLEY MARKET, INC.;

the Defendants herein, did combine, conspire, confederate, and agree with each other and

with others known and unknown to commit the following offense against the United

States of America:

> having devised and intending to devise a scheme and artifice to defraud, and for
>
> obtaining money and property by means of false and fraudulent pretenses, to wit,
>
> exchanging SNAP benefits for discounted amounts of cash and taking
>
> reimbursement for the full value of the benefits, to transmit and to cause to be
>
> transmitted by means of wire communication in interstate commerce writings,
>
> signs, signals and sounds for the purpose of executing such scheme and artifice in
>
> violation of 18 U.S.C. § 1343,

in that:

## A. *THE SCHEME AND ARTIFICE TO DEFRAUD*

The purpose of the scheme and artifice was to obtain funds from the government

by redeeming SNAP benefits for cash paid in amounts less than the amounts charged to

the SNAP benefits EBT cards. It was part of the scheme and artifice to defraud that on

6

multiple occasions between January, 2010 and October, 2012, a SNAP benefits EBT card would be presented to an employee of WESTSIDE VALLEY MARKET, along with a request to receive cash back from the transaction. The employees would be presented by the customer a nominal amount of food or non-food items, such as cigarettes, and in one or more EBT card transactions would process the purchase and an additional amount up to the SNAP benefit limit on the EBT card. A portion of the value of the transaction over the value of the merchandise purchased would be refunded to the customer in cash. The full value of the transaction would subsequently be deposited by electronic funds transfer into the bank account of WESTSIDE VALLEY MARKET. A portion of the excess SNAP benefits purchased would be allocated to various employees of WESTSIDE VALLEY MARKET.

**B.** *THE USE OF WIRE COMMUNICATIONS FOR THE PURPOSE OF EXECUTING THE SCHEME AND ARTIFICE TO DEFRAUD*

For the purpose of executing the scheme and artifice described herein, the Defendants transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals and sounds, including, but not limited to the following Electronic Benefits Transfer ("EBT") card transactions detailed below:

| Date | EBT Card Account Number (Last 4) | Transaction Amount |
|------|----------------------------------|--------------------|
| 7/26/2011 | 6919 | $124.85 |
| 8/11/2011 | 6919 | $184.96 |

7

| 8/11/2011 | 6927 | $189.96 |
| 8/15/2011 | 6919 | $184.97 |
| 8/15/2011 | 6562 | $107.80 |

all in violation of 18 U.S.C. § 1349, and punishable under 18 U.S.C. § 1343.

### COUNT 2
(18 U.S.C. §1343 and § 2: Wire Fraud and Aiding and Abetting)

1.    The Grand Jury realleges the allegations of the Introduction and Count 1 of this

Indictment as though fully set forth herein.

2.    On or about July 26, 2011, in the Northern Division of the District of Utah,

ZIA ATTA,

defendant herein, having devised and intending to devise a scheme and artifice to defraud,

and for obtaining money and property by false and fraudulent pretenses, and for purposes

of executing the above-described scheme, caused to be transmitted by means of wire in

interstate commerce from Ogden, Utah to the state of Virginia a writing, sign and signal

for the purpose of executing the scheme and artifice, namely: a point-of-sale SNAP

request for authorization for card number ending in 6919 in the amount of $124.85; and

did aid and abet therein; all in violation of 18 U.S.C. § 1343 and § 2.

### COUNT 3
(18 U.S.C. §1343 and §2: Wire Fraud and Aiding and Abetting)

1.    The Grand Jury realleges the allegations of the Introduction and Count 1 of this

Indictment as though fully set forth herein.

8

2. On or about August 11, 2011, in the Northern Division of the District of Utah,

### SERAJ GHASEM POUR BABAKANDI,

defendant herein, having devised and intending to devise a scheme and artifice to defraud,

and for obtaining money and property by false and fraudulent pretenses, and for purposes

of executing the above-described scheme, caused to be transmitted by means of wire in

interstate commerce from Ogden, Utah to the state of Virginia a writing, sign and signal

for the purpose of executing the scheme and artifice, namely: a point-of-sale SNAP

request for authorization for card number ending in 6919 in the amount of $184.96; and

did aid and abet therein; all in violation of 18 U.S.C. § 1343 and § 2.

### COUNT 4
(18 U.S.C. §1343 and § 2: Wire Fraud and Aiding and Abetting)

1. The Grand Jury realleges the allegations of the Introduction and Count 1 of this
Indictment as though fully set forth herein.

2. On or about August 11, 2011, in the Northern Division of the District of Utah,

### SERAJ GHASEM POUR BABAKANDI,

defendant herein, having devised and intending to devise a scheme and artifice to defraud,

and for obtaining money and property by false and fraudulent pretenses, and for purposes

of executing the above-described scheme, caused to be transmitted by means of wire in

interstate commerce from Ogden, Utah to the state of Virginia a writing, sign and signal

for the purpose of executing the scheme and artifice, namely: a point-of-sale SNAP

request for authorization for card number ending in 6927 in the amount of $189.96; and

9

did aid and abet therein; all in violation of 18 U.S.C. § 1343 and § 2.

## COUNT 5
(18 U.S.C. §1343 and § 2, Wire Fraud and Aiding and Abetting)

1.    The Grand Jury realleges the allegations of the Introduction and Count 1 of this
      Indictment as though fully set forth herein.

2.    On or about August 15, 2011, in the Northern Division of the District of Utah,

### FARAD SAID FARANI,

defendant herein, having devised and intending to devise a scheme and artifice to defraud,

and for obtaining money and property by false and fraudulent pretenses, and for purposes

of executing the above-described scheme, caused to be transmitted by means of wire in

interstate commerce from Ogden, Utah to the state of Virginia a writing, sign and signal

for the purpose of executing the scheme and artifice, namely: a point-of-sale SNAP

request for authorization for card number ending in 6919 in the amount of $184.97; and

did aid and abet therein; all in violation of 18 U.S.C. § 1343 and § 2.

## COUNT 6
(18 U.S.C. §1343 and § 2: Wire Fraud and Aiding and Abetting)

1.    The Grand Jury realleges the allegations of the Introduction and Wire Fraud
      Conspiracy portions of this Indictment as though fully set forth herein.

2.    On or about August 15, 2011, in the Northern Division of the District of Utah,

### FARAD SAID FARANI,

defendant herein, having devised and intending to devise a scheme and artifice to defraud,

and for obtaining money and property by false and fraudulent pretenses, and for purposes

of executing the above-described scheme, caused to be transmitted by means of wire in

interstate commerce from Ogden, Utah to the state of Virginia a writing, sign and signal

for the purpose of executing the scheme and artifice, namely: a point-of-sale SNAP

request for authorization for card number ending in 6562 in the amount of $107.80; and

did aid and abet therein; all in violation of 18 U.S.C. § 1343 and § 2.

## COUNTS 7-11
(7 U.S.C. § 2024(c) and 18 U.S.C. § 2:
SNAP Benefits Redemption Fraud and Aiding and Abetting)

1. The Grand Jury realleges the allegations of the Introduction portion of this

Indictment as though fully set forth herein.

2. On or about the dates listed below, in the Northern Division of the District of

Utah,

ZIA ATTA,
FARAD SAID FARANI,
MARIANA NAVARRO FARANI
SERAJ GHASEM POUR BABAKANDI, and
WESTSIDE VALLEY MARKET, INC..;

the Defendants herein, did knowingly present and cause to be presented for payment and

redemption, Supplemental Nutrition Assistance Program ("SNAP") benefits valuing

$100.00 (one-hundred dollars) or more, knowing the same to have been received,

transferred, and used in a manner in violation of Chapter 51 of Title 7, United States

Code and regulations issued pursuant to said Chapter, to wit, by selling non-eligible items

11

for SNAP benefits, and exchanging SNAP benefits for discounted amounts of cash, as set forth below:

| Count | Date (on or about) | EBT Card Account Number (Last 4) | Amount of SNAP Benefits Redeemed |
|-------|--------------------|----------------------------------|----------------------------------|
| 7 | 7/26/2011 | 6919 | $124.85 |
| 8 | 8/11/2011 | 6919 | $184.96 |
| 9 | 8/11/2012 | 6927 | $189.96 |
| 10 | 8/15/2012 | 6919 | $184.97 |
| 11 | 8/15/2012 | 6562 | $107.80 |

and did aid, abet, counsel, command, induce and procure the commission of the same, and did willfully cause to be done said acts which would be an offense if performed directly; all in violation of 7 U.S.C. § 2024(c) and 18 U.S.C. § 2, and punishable under 7 U.S.C. § 2024(c).

## COUNT 12
(18 U.S.C. §§ 1029(a)(5) and 2: Access Device Fraud and Aiding and Abetting)

1. The Grand Jury realleges the allegations of the Introduction portion of this Indictment as though fully set forth herein.

2. Beginning on or about an unknown date, but not later than January, 2010, and continuing until on or about October, 2012, in the Northern Division of the District of Utah,

ZIA ATTA,
AWEAS AKBAR AL-QUADRI,
NASEER HAMAD DURANI,
FARAD SAID FARANI,

12

MARIANA NAVARRO FARANI
SERAJ GHASEM POUR BABAKANDI,
SHERSHAH LODIN, and
WESTSIDE VALLEY MARKET, INC..;

the Defendants herein, knowingly and with intent to defraud, did effect transactions with

one or more access devices issued to other persons, to wit, hundreds of Electronic Benefit

Transfer cards ("EBT cards," also known as Utah Horizon Cards) issued to various

individual food assistance benefits recipients, which EBT cards are access devices within

the meaning of 18 U.S.C. § 1029(e)(1), and by such conduct did receive payments

aggregating $1,000 or more within a one year period, an offense which affects interstate

commerce, and did aid, abet, counsel, command, induce and procure the commission of

the same, and did willfully cause to be done said acts which would be an offense if

performed directly; all in violation of 18 U.S.C. § 1029(a)(5) and 18 U.S.C. § 2, and

punishable under 18 U.S.C. § 1029(c).

## COUNT 13
(18 U.S.C. § 1956(h): Conspiracy to Commit Money Laundering)

1. The Grand Jury realleges the allegations of the Introduction portion of this

Indictment as though fully set forth herein.

2. Beginning on or about an unknown date, but not later than January, 2010, and

continuing until on or about October, 2012, in the Northern Division of the District of

Utah,

AWEAS AKBAR AL-QUADRI,
NASEER HAMAD DURANI,

13

FARAD SAID FARANI,
MARIANA NAVARRO FARANI,
SHERSHAH LODIN, and
WESTSIDE VALLEY MARKET, INC..;

the Defendants herein, did knowingly and intentionally combine, conspire, confederate

and agree with each other and with other persons known and unknown to the Grand Jury,

to commit the following offense against the United States of America:

To launder monetary instruments by the conducting of and attempted conducting

of financial transactions by, through and to financial institutions, affecting interstate and

foreign commerce, in criminally derived property of a value greater than $10,000, to wit,

money derived from activities related to access device fraud in violation 18 U.S.C. §

1029(a)(5), conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1349 and 1343,

and felony violations of section 15 of the Food and Nutrition Act (7 U.S.C. § 2024), in

violation of 18 U.S.C. § 1957, and did aid and abet therein; all in violation of Title 18,

U.S.C. § 1956(h) and § 2.

## COUNTS 14-28
(18 U.S.C. § 1957: Money Laundering)

1. The Grand Jury realleges the allegations of the Introduction portion of this

Indictment as though fully set forth herein.

2. On or about the dates listed below, in the Northern Division of the District of

Utah,

AWEAS AKBAR AL-QUADRI,
NASEER DURANI,

14

FARAD SAID FARANI, and
MARIANA NAVARRO FARANI,

Defendants herein, did knowingly engage and attempt to engage in monetary transactions

by, through and to financial institutions, affecting interstate and foreign commerce, in

criminally derived property of a value greater than $10,000, that is, the deposits and

transfers of funds as set forth in the table below:

| Count | Date | From Account (last 4 digits) | To Account (last 4 digits) | Instrument | Amount |
|-------|------|------------------------------|----------------------------|------------|--------|
| 14 | 6/11/2010 | US Bank 6022 (N. Durani dba Westside Market) | US Bank 9055 (N. Durani) | Transfer | $90,000 |
| 15 | 6/22/2010 | US Bank 6022 (N. Durani dba Westside Market) | US Bank 9055 (N. Durani) | Transfer | $70,000 |
| 16 | 7/9/2010 | US Bank 6022 (N. Durani dba Westside Market) | Chase Bank 7619 (Westside Market) | Check | $45,346.43 |
| 17 | 7/9/2010 | US Bank 9055 (N. Durani) | Chase Bank 1517 (N. Durani) | Cashier's Check | $160,045.41 |
| 18 | 7/19/2010 | Chase Bank 7619 (Westside Market) | Chase Bank 1517 (N. Durani) | Transfer | $50,000 |

| 19 | 7/27/2010 | Chase Bank 7619 (Westside Market) | Chase Bank 1517 (N. Durani) | Transfer | $100,000 |
|----|-----------|-----------------------------------|------------------------------|----------|----------|
| 20 | 8/5/2010 | Chase Bank 7619 (Westside Market) | Chase Bank 1517 (N. Durani) | Transfer | $50,000 |
| 21 | 8/16/2010 | Chase Bank 7619 (Westside Market) | Chase Bank 1517 (N. Durani) | Transfer | $123,000 |
| 22 | 9/15/2010 | Chase Bank 1517 (N. Durani) | Umpqua Bank, Humboldt Land Title | Wire | $372,000 |
| 23 | 4/16/2011 | Wells Fargo Bank ("WFB") 1389 (M. Farani; Valley Market) | WFB 1579 (M. Farani; Valley Market) | Transfer | $30,000 |
| 24 | 5/9/2011 | WFB 1579 (M. Farani; Valley Market) | WFB 3700 (M. Farani) | Transfer | $30,000 |
| 25 | 5/20/2011 | WFB 1389 (M. Farani; Valley Market) | WFB 1579 (M. Farani; Valley Market) | Transfer | $20,000 |
| 26 | 6/6/2011 | WFB 1579 (M. Farani) | WFB 3700 (M. Farani) | Transfer | $15,000 |
| 27 | 6/7/2011 | WFB 3700 (M. Farani) | Mountain View Title | Cashier's Check | $53,000 |

| 28 | 6/7/2011 | WFB 1579 (M. Farani) | Mountain View Title | Cashier's Check | $33,465.69 |

and such property having been derived from a specified unlawful activity, to wit, access

device fraud in violation 18 U.S.C. § 1029(a)(5), conspiracy to commit wire fraud in

violation of 18 U.S.C. §§ 1349 and 1343, and felony violations of section 15 of the Food

and Nutrition Act (7 U.S.C. § 2024), all in violation of 18 U.S.C. § 1957.

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), each defendant

who is convicted of Counts 1 (Conspiracy to Commit Wire Fraud in violation of 18

U.S.C. §§ 1349 and 1343) and 12 (Access Device Fraud in violation of 18 U.S.C. §

1029(a)(5)) shall forfeit to the United States any property, real or personal, which

constitutes or is derived from proceeds traceable to said violations. If more than one

defendant is convicted of an offense, the defendants so convicted shall be jointly and

severally liable for the amount involved in such offense.

Pursuant to 7 U.S.C. § 2024(f), each defendant who is convicted of Counts 7

through 11 (Supplemental Nutrition Assistance Program Benefits Fraud in violation of 7

U.S.C. § 2024(c)) shall forfeit to the United States any property, real or personal, used in

a transaction or attempted transaction, to commit, or to facilitate the commission of said

violations, and any proceeds traceable to said violations. If more than one defendant is convicted of an offense, the defendants so convicted shall be jointly and severally liable for the amount involved in such offense.

Pursuant to 18 U.S.C. § 982(a)(1), each defendant who is convicted of Count 13 (Money Laundering Conspiracy in violation of 18 U.S.C. § 1957) and Counts 14 through 28 (Money Laundering in violation of 18 U.S.C. § 1957) shall forfeit to the United States any property, real or personal, involved in such offenses, and any property traceable to such property. If more than one defendant is convicted of an offense, the defendants so convicted shall be jointly and severally liable for the amount involved in such offense.

The allegations contained in each of the above-mentioned Counts are hereby re-alleged and incorporated for purposes of alleging these forfeitures.

Forfeitable property constituting proceeds deriving from the above-referenced violations, or used or intended to be used in any manner or part to commit and to facilitate the commission of such violations, and any property traceable thereto, includes but is not limited to the following:

1. A single-family residence located at 1400 Airport Road, McKinleyville, CA;

2. A single-family residence located at 883 East 1510 North, Ogden UT;

3. All funds in a Valley Market business checking account at Wells Fargo

18

Bank, Account No. 7657591389;

4.    All funds in a Valley Market business savings account at Wells Fargo Bank, Account No. 7657591579; and

5.    Money Judgment: a sum of money equal to $2,297,300.61 in United States currency, representing the amount of money involved in the offenses and/or traceable thereto, as charged in the Indictment, for which the defendants are jointly and severally liable.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

(1)  cannot be located upon the exercise of due diligence;

(2)  has been transferred or sold to, or deposited with, a third person;

(3)  has been placed beyond the jurisdiction of the court;

(4)  has been substantially diminished in value; or

(5)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above-forfeitable property.

/

19

A TRUE BILL:

_____/ S /_____
FOREPERSON OF THE GRAND JURY


DAVID B. BARLOW
United States Attorney


ADAM S. ELGGREN
Assistant United States Attorney

20